```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
DELFIN RODRIGUEZ,                                              :
                              Plaintiff,                       :
                                                               :    **ORDER**
     v.                                                        :
                                                               :    17 CV 3104 (VB)
                                                               :
COMMISSIONER OF SOCIAL SECURITY,                               :
                              Defendant.                       :
--------------------------------------------------------------x
```

On April 27, 2017, plaintiff brought this action challenging the Commissioner of Social Security's denial of plaintiff's application for disability benefits under 42 U.S.C. § 401 et seq. (Doc. #1). On January 31, 2018, the Court "so ordered" the parties' stipulation reversing and remanding the case to the Commissioner for further administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. #21). On February 1, 2018, the Court entered judgment accordingly. (Doc. #22).

On September 30, 2019, the Social Security Administration issued a Notice of Award ("NOA") to plaintiff, finding that he was entitled to past-due payments for social security disability benefits. (See Doc. #26 ("Alegria Decl.") Ex. 2 ("NOA")).

On December 12, 2019, plaintiff moved for an award of attorney's fees "in the lesser amount of $13,027.00 or 25 percent of plaintiff's past-due disability benefits" pursuant to 42 U.S.C. § 406(b). (Doc. #24). Defendant opposed plaintiff's motion to the extent plaintiff sought attorney's fees exceeding $8,994.25. (See Doc. #27).

I.      Attorney's Fees

The Court finds plaintiff's counsel is entitled to attorney's fees in the amount of $8,994.25, which is equal to the Social Security Administration's calculation of twenty-five percent of plaintiff's past-due disability benefits, and which the Court finds to be reasonable. See Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990).

The Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits.

42 U.S.C. § 406(b)(1)(A).

Here, plaintiff's attorney seeks attorney's fees "in the lesser amount of $13,027.00 or 25 percent of plaintiff's past-due disability benefits." (Doc. #24).  In the NOA, the Social Security Administration stated: "We usually withhold 25 percent of past due benefits in order to pay the approved representative's fee.  We withheld $8,994.25 from your past due benefits in case we need to pay your representative."  (NOA at 3).  In other words, $8,994.25 is twenty-five percent of plaintiff's past-due benefits.  Indeed, although the total amount of past-due benefits is not stated in the NOA, the NOA does state that "[w]hen we figure how much to pay you, we must deduct certain amounts, such as Medicare premiums and worker's compensation offset."  (NOA at 1).

Accordingly, the Court finds the twenty-five percent fee of $8,994.25 calculated by the Social Security Administration is the reasonable amount of attorney's fees pursuant to the statute.

II.    Timeliness of Application

Next, plaintiff's counsel argues the Court should use its discretion and accept plaintiff's request for attorney's fees even though plaintiff made the application after the fourteen-day deadline had lapsed.  The Court agrees.

The Second Circuit recently determined that the applicable limitations period for filing Section 406(b) motions is fourteen days.  See Sinkler v. Berryhill, 932 F.3d 83, 88 (2d Cir. 2019).  And the "fourteen-day filing period prescribed . . . is subject to equitable tolling when § 406(b) motions must await the SSA Commissioner's calculation of benefits following a district court's sentence four remand judgment.  In that circumstance, the fourteen-day filing period starts to run when the claimant receives notice of the benefits calculation."  Id. at 91.

Here, the NOA was issued on September 30, 2019, and received by plaintiff's counsel on October 5, 2019.  As plaintiff concedes, the motion was due on October 24, 2019.  (See Doc. #25 at 1 & n.1).  However, on October 31, and December 2, 2019, plaintiff submitted written requests to the Commissioner of Social Security for a statement of the actual total amount of plaintiff's past-due disability benefits.  (See Alegria Decl. ¶ 6).  To date, plaintiff has not received a response.  Plaintiff filed the application for attorney's fees on December 12, 2019—seventy-three days after the NOA was issued and forty-nine days after the deadline to file had lapsed.

Unlike Sinkler, here, plaintiff has "come forward with a factual basis for deeming" the delay reasonable.  Sinkler v. Berryhill, 932 F.3d at 85.  After receiving the NOA on October 5, 2019, plaintiff twice sought a more definitive statement of the Commissioner's calculation of plaintiff's past-due benefits.  Plaintiff ultimately filed the motion for attorney's fees on December 12, 2019, ten days after sending the second letter to the Social Security Administration.  (See Alegria Decl. Ex. 3).  The Court finds such a delay in filing the application reasonable given the circumstances.

Accordingly, it is HEREBY ORDERED:

      1.    Plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) is GRANTED.

      2.    Plaintiff's counsel is awarded $8,994.25 in attorney's fees, and the Social Security Administration is directed to pay that amount to plaintiff's counsel out of plaintiff's past-due disability benefits award.

The Clerk is instructed to terminate the motion. (Doc. #24).

Dated: June 24, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge